IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN W. MOORE,

                                                                                  ORDER

                Plaintiff,

                                                           10-cv-473-bbc

    v.

U. S. POSTAL SERVICE,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this civil action for injunctive relief, plaintiff John Moore is proceeding on claims that the United States Postal Service breached a contract to provide him access to a post office box in exchange for his payment of a fee. In particular, plaintiff alleges that defendant plugged the lock on mailbox number 343 that he was renting at the Capital Station branch of the Postal Service.

       On April 1, 2011, defendant filed a motion for summary judgment, dkt. #9, in which it contends that it has never altered the key or lock on plaintiff's box and that box 343 is still accessible to plaintiff. Plaintiff's brief in opposition to summary judgment is due on May 2, 2011. In the meantime, however, the court has received as non-deliverable five items of mail that it sent to plaintiff's post office box 343. Additionally, defendant has filed a motion to

1

dismiss, dkt. #14, stating that various documents it sent to plaintiff were returned also. Defendant contends that the court should either enter judgment in favor or defendant or dismiss this case because plaintiff has failed to provide the court with a current address.

I will not grant judgment to defendant or dismiss the case without further explanation about why such actions would be appropriate. Although it is plaintiff's obligation to actively prosecute his case and provide the court and defendant a means of contacting him, the entire theory of plaintiff's case is that defendant is unlawfully denying him access to his post office box. On the one hand, defendant says (in its motion for summary judgment) that plaintiff has access to the box. On the other hand, defendant says that because neither it nor the court can deliver mail to plaintiff at the post office box that is the subject of this case, the court should dismiss the case. However, because the court's mail to plaintiff has been returned as non-deliverable, it seems reasonable to infer that plaintiff does not in fact have access to the mailbox. Thus, before I take any action on defendant's motion to dismiss or motion for summary judgment, defendant must explain how its two positions are compatible and whether the position it asserted in its motion for summary judgment has changed.

ORDER

IT IS ORDERED that defendant United States Postal Service is directed to submit a supplement to its motion to dismiss in which it reconciles the positions it asserts in its motion

to dismiss with the facts asserted in support of its motion for summary judgment.

Entered this 3d day of May, 2011.

                                            BY THE COURT:
                                            /s/
                                            BARBARA B. CRABB
                                            District Judge